# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| SITE JAB | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | C.A. NO. 4:23-CV-3853 |
| | § | |
| HISCOX INSURANCE COMPANY, INC., | § | |
| *Defendant.* | § | |

## HISCOX INSURANCE COMPANY INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant HISCOX INSURANCE COMPANY INC. ("Hiscox") files this Motion for Summary Judgment against Plaintiff SITE JAB and asks the Court to dismiss all claims against Hiscox because Hiscox did not breach any contractual duty to pay Site Jab under the Businessowners insurance policy at issue. Hiscox provided property-damage insurance to Site Jab. In this lawsuit, Site Jab claims that several employees stole information from it, which caused a loss of business income. Site Jab has sued for its alleged lost-business income.

Site Jab has not and cannot establish that Hiscox had a duty to pay under the Policy or otherwise breached its contractual obligations to Site Jab. Site Jab has not met its burden of proof under Texas law because the plain language of the Policy does not afford coverage for Site Jab's alleged loss of business income. As a result, Site Jab cannot recover on its breach-of-contract claim or any of its resulting bad-faith-in-claim-handling allegations. Because there is no coverage under the Policy, Site Jab's lawsuit should be dismissed with prejudice to refiling, as a matter of law.

## I.   FACTUAL BACKGROUND

Site Jab, a self-described website and marketing company in Houston, procured Hiscox Policy No. P100.210.946A – Businessowner's Insurance for marketing/media consulting ("Policy"), which was effective from February 5, 2022 to February 5, 2023. *See* Policy attached as Exhibit A. The Policy includes 2 main coverages: Business Personal Property, BOP General Liability. Ex. A, HISCOX 000012.

Site Jab claims that it maintains customer information that is confidential. [Doc.1-2, p.3 of 15] While still employed, Site Jab claims that several employees "took information from Site Jab's server and stole it's website." [Doc.1-2, p.4 of 15] Within a month, these employees left Site Jab or were fired and used client information to steal clients in furtherance of a new business venture. [Doc.1-2, p.4 of 15] As a result, Site Jab made a claim against the Policy to recover alleged loss of business income. [Doc.1-2, p.5 of 15] On August 8, 2023, Hiscox advised Site Jab that it could find no basis under the Policy for the loss-of-business-income claim. [Doc.1-2, p.5 of 15]

Site Jab provided no further claim information to Hiscox but on August 31, 2023, filed this lawsuit against Hiscox in the 157th Judicial District Court of Harris County, Texas. Hiscox timely removed this matter.

## II. POLICY PROVISIONS

The Policy is divided into 2 coverage parts: business personal property and general liability. At issue today is the Business Personal Property coverage, as well as the Policy's additional coverage of Business Income.

Site Jab has claimed loss of business income. But a review of the Policy reveals that

2

its claim fails because at least 2 core elements are missing: 1) there is no direct physical damage to or physical loss of Site Jab's property, and 2) damage/loss did not result from a covered cause of loss.

**A.    Business Personal Property coverage requires direct physical damage/loss.**

The Policy provides Business Personal Property Coverage for the building and personal property located at 1210 W Clay St Ste 125, Houston TX 77019 (Loc#1, Bldg #1). Ex. A, HISCOX 000013-14. The coverage grant reads, in relevant part, as follows.

> **I.    Insuring agreements – What is covered**
>
> **A.**    Buildings – **We** will pay up to the Building Limit for direct physical damage to or direct physical loss of a **building** caused by or resulting from any **covered cause of loss** first commencing during the **policy period**, provided it is reported to us in accordance with Section IV. Your obligations.
>
> **B.**    Business personal property – **We** will pay up to the Business Personal Property Limit for direct physical damage to or direct physical loss of **business personal property**, caused by or resulting from any **covered cause of loss** first commencing during the **policy period**, provided it is reported to **us** in accordance with Section IV. Your obligations.

Ex. A, HISCOX 000080.

The Policy's definitions of Building and Business personal property are helpful and read, in relevant part, as follows.

> **Building** means any building or structure identified in the Schedule of Described Premises in the Declarations and located in the **coverage territory**.
>
> **Building** also includes:
> 1.    completed additions to such buildings or structures;
> 2.    fixtures, including outdoor fixtures, in or on such buildings or structures;
> 3.    permanently installed machinery and equipment in or on such buildings or structures;

3

>   4. **your** personal property in apartments, rooms or common areas furnished by **you** as landlord within such buildings or structures;
>   5. personal property owned by **you** located in or within 100 feet of such buildings or structures that is used to maintain or servie such buildings or structures, including:
>       a. fire extinguishing equipment;
>       b. outdoor furniture;
>       c. floor coverings; and
>       d. appliances used for refrigerating, ventilating, cooking, dishwashing, or laundering; and
>   6. If not covered by other insurance, the following:
>       a. additions under construction, alterations, and repairs to such buildings or structures; and
>       b. materials, equipment, supplies, and temporary structures, on or within 100 feet of such a building or structure, used for making additions, alterations, or repairs to both buildings and structures.
>
> **Building** does not include any **business personal property**.
>
> **Business personal property** means the following types of business personal property located in a **building**, or in the open (or inside a vehicle) within 100 feet of a **building**:
>
>   1. property **you** own that is used in **your** business activities;
>   2. property of others that is in **your** care, custody, or control, except as otherwise provided in Section V. How loss is paid, I.2. Property of others;
>   3. tenants' improvements and betterments. Improvements and betterments are fixtures, alterations, installations, or additions: (i) made a part of a **building you** occupy but do not own; and (ii) **you** acquired or made at **your** expense but cannot legally remove.

Ex. A, HISCOX 000098-99.

>   **Covered cause of loss** means damage or physical loss that is not otherwise excluded or limited under Section VI. Limitations or Section VIII. Exclusions – What is not covered of this Coverage Part.

Ex. A, HISCOX 000099.

Site Jab has not pleaded and cannot show "direct physical damage to or direct physical loss of **business personal property**, caused by or resulting from any **covered cause of loss** first commencing during the **policy period**."[1]

## B. Additional Business Income coverage requires damage to/loss of business personal property.

The Policy contains additional coverages including Business Income, which reads as follows.

> **I. Additional coverages** – **We** will also pay up to the corresponding limit or number of days stated in the Declarations for the following loss **you** sustain or incur, provided it is reported to **us** in accordance with Section IV. Your obligations:
>
> **A.** 1. <u>Business income</u>:
>
> **Income loss** during the **period of restoration** because **you** are unable to continue **your** business activities for a period longer than the **waiting period** due to damage to or loss of **covered property** caused by or resulting from any **covered cause of loss** first commencing during the **policy period**.
>
> **We** will only pay for:
>
> a. **Income loss** sustained during the **period of restoration** and up to the limit or number of days stated in the Declarations; and
> b. Ordinary payroll expenses for the first 90 days of the **period of restoration**, unless a greater number of days is specified in the Declarations.

Ex. A, HISCOX 000080.

---

[1] There can be no coverage under the Policy's BOP General Liability Coverage Part because this is a first-party not a third-party claim.

5

The definitions of Covered cause of loss, Covered property and Electronic data are applicable to a claim for loss of Business Income.

> **Covered cause of loss** means damage or physical loss that is not otherwise excluded or limited under Section VI. Limitations or Section VIII. Exclusions – What is not covered of this Coverage Part.
>
> **Covered property** means **buildings** and **business personal property**.
>
> **Covered property** does not include:
>
> \*\*\*\*
>
> 9. **electronic data**, except as provided in Additional coverage C, Electronic data. This paragraph 9 does not apply to **your stock** of prepackaged software or to **electronic data** which is integrated in an operates or controls the building's elevator, lighting, heating, ventilation, air conditioning, or security system;
>
> \*\*\*\*
>
> **Electronic data** means information, facts, or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells data processing devices, or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, as used in this definition, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the compute or device to receive, process, store, retrieve, or send data.

## II. <u>SUMMARY JUDGMENT</u>

Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

6

judgment as a matter of law." *Erazo v. State Farm Lloyds*, No. 4:23-CV-1965, 2024 WL 2805328, at *1 (S.D. Tex. May 3, 2024), report and recommendation adopted, No. CV H-23-1965, 2024 WL 2806177 (S.D. Tex. May 31, 2024)(quoting *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019)). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

### III.  ARGUMENT AND AUTHORITY

The parties agree that Texas law governs this diversity action.[2] "An insured cannot recover under an insurance policy unless it pleads and proves facts that show that its damages are covered by the policy." *Tchakarov v. Allstate Indem. Co.*, No. 3:20-cv-2769-D, 2021 WL 4942193, at *5 (N.D. Tex. Oct. 22, 2021).

---

[2] In a diversity action, federal courts are bound to apply the forum state's substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

In Texas, insurance policies are read based on "common principles governing the construction of contracts, and the interpretation of an insurance policy is a question of law for a court to determine." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010). "Unless the policy dictates otherwise, courts give words and phrases their ordinary and generally accepted meaning, reading them in context and in light of the rules of grammar and common usage." *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017). Courts "enforce unambiguous policies as written." *Pan Am Equities, Inc. v. Lexington Ins. Co.*, 959 F.3d 671, 674 (5th Cir. 2020). "If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and courts construe it as a matter of law." *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003); *see also Pan Am*, 959 F.3d at 674 ("If an insurance contract, just like any other contract, uses unambiguous language, that's that.").

**A.** **Site Jab has the burden to show direct physical damage or loss to covered property.**

The coverage part at issue provides property insurance. The Policy provides coverage for "direct physical damage to or direct physical loss of business personal property caused by or resulting from a covered cause of loss." Under Texas law, an insured has the burden of showing that damage to its property is covered by an insurance policy. *Fiess v. State Farm Lloyds,* 392 F.3d 802, 807 (5th Cir.2004).

> The requirement that the loss be 'physical,' given the ordinary definition of that term is widely held to exclude alleged losses that are intangible or incorporeal, and, thereby, to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.

8

10A COUCH ON INS. § 148:46 (3d ed. 2005).

Site Jab has not pleaded 1) any physical loss or damage occurred to covered property or 2) that physical loss/damage was caused by or resulted from a covered cause of loss. Instead, Site Jab only claims business loss relating to lost information, which is not covered property under the Policy.

Site Jab alleges that two employees (Jay Moreno and Sergio Perez) conspired with other employees and took information from Site Jab's server and copied its website. [Doc.1-2, p.4 of 15] Various employees intended to poach Site Jab clients [*Id.*], using or disclosing confidential information [*Id.*], using Site Jab's customer database [*Id.*] and working with stolen clients [*Id.*]. Site Jab has alleged only loss of confidential information. [*Id.*]

Site Jab has admitted that information in the form of "intellectual property" was stolen from it. See Ex. B, interrogatory answer No. 8. The plain language of the Policy reads that information and facts are expressly excluded from the definition of "covered property."

**B.**     **Site Jab admitted under oath that it did not sustain direct physical damage.**

Even if Site Jab's pleading could be read to allege direct physical loss or damage, which it cannot, Site Jab recently answered interrogatories without equivocation and claimed that its alleged property (*i.e.*, information) did not sustain direct physical damage or loss.

> 5. As relates to its claim for coverage under the Policy, please identify Site Jab's property that sustained direct physical damage.

>    **ANSWER: None.**
>
> 6. As relates to its claim for coverage under the Policy, please identify Site Jab's property that sustained direct physical loss.
>
>    **ANSWER: None.**

*See* Exhibit B.

C.  **Site Jab cannot support a resulting loss-of-business-income claim.**

Site Jab – through its claim for stolen information, which allegedly led to stolen client relationships – cannot establish the criteria for coverage under the Policy's Business Income additional coverage because it cannot show that it sustained damage to or loss of covered property (which does not include information) caused by or resulting from any covered cause of loss (damage or physical loss). Moreover, Site Jab has, to date, been unable to show that 1) its business was interrupted and 2) that it could not continue its business activities for a period longer than 72 hours (waiting period).

Site Jab has not met its burden of proof because it has not demonstrated that it was unable to continue its business (1) due to damage to or loss of **covered property** (2) caused by or resulting from any **covered cause of loss**. Specifically, Site Jab has not pleaded and cannot otherwise prove that the loss of information sustained is damage to or physical loss of its business personal property as those terms are defined in the Policy. Because this is a prerequisite to coverage, Site Jab is not entitled to recover any alleged loss of business income.

Even if Site Jab could establish coverage – if it could point to damage to covered property resulting from a covered cause of loss – Site Jab has wholly failed to quantify its

claim with any evidence that covered property damage resulted in loss of business income. Without this causal connection, Site Jab cannot tie its alleged loss of information to losses in income.

D. **Site Jab's claims under Texas Insurance Code 541 and 542, DTPA and common-law bad faith fail as a matter of law.**

The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation (TIC 541) if the insured does not have a right to those benefits under the policy. This rule derives from the fact that the Insurance Code only allows an insured to recover actual damages "caused by" the insurer's statutory violation. *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018).

To recover under Texas Insurance Code 542.060, an insured must establish, among other things, that the insurer is liable for the claim. *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018).

"Insurance coverage claims and bad faith claims are by their nature independent. But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Texas Friends Chabad-Lubavitch, Inc. v. Nova Cas. Co.*, 539 F. Supp. 3d 669, 682 (S.D. Tex. 2021) citing *Liberty National Fire Insurance Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (internal citations omitted).

Because Site Jab cannot prove coverage for its alleged business loss under the Policy, it is not entitled to pursue any bad-faith allegations under the Texas Insurance Code, DTPA or common law.

## IV. PRAYER

Defendant HISCOX INSURANCE COMPANY INC. respectfully asks the Court to

grant this summary judgment because Plaintiff SITE JAB has failed to show that there is coverage under the Policy for its lost-business claim. As a result, Hiscox did not breach the contract and is not liable for bad-faith damages. Hiscox asks the Court to order that Plaintiff take nothing, that Plaintiff's claims be dismissed with prejudice, and judgment be rendered for Hiscox. Hiscox further prays for such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
CANDACE A. OURSO
Texas Bar No. 24008952
S.D. Tex. ID No. 23217
candace.ourso@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007
T:  832.753.8062
F:  832.753.8079
**ATTORNEY-IN-CHARGE
FOR DEFENDANT HISCOX
INSURANCE COMPANY INC.**

OF COUNSEL:

**KENNEDYS CMK, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, a true and correct copy of the foregoing has been served on all known counsel of record, in accordance with the Federal Rules of Civil Procedure.

_____
CANDACE OURSO