IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SITE JAB | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | C.A. NO. 4:23-CV-3853 |
| | § | |
| HISCOX INSURANCE COMPANY, INC., | § | |
| *Defendant.* | § | |

**HISCOX INSURANCE COMPANY INC.'S OBJECTIONS TO AND
MOTION TO STRIKE SITE JAB'S EVIDENCE**

Defendant HISCOX INSURANCE COMPANY INC. ("Hiscox") files these objections to the evidence Plaintiff SITE JAB submitted in support of its response to Hiscox's Motion for Summary Judgment. Hiscox files specific objections to Site Jab's evidence and asks the Court to strike this evidence from the summary-judgment record.

1. **Exhibit A**

Plaintiff has attached 73 pages under a Business Records Affidavit signed by Eva Garcia [DOC 14-1, p.3-73] Most of these documents do not qualify as business records and are inadmissible because they have not been properly authenticated. Plaintiff did not comply with FRE 902 (11); it did not provide Defendant Hiscox with notice of the business records to be submitted or allow Defendant a fair opportunity to challenge them.

Site Jab's Original Petition in Bexar County [DOC 14-1, pp.6-21] and the Extension of Temporary Restraining Order [DOC 14-1, pp.75-76] bear no certification which would render them admissible as self-authenticating documents, and Site Jab has provided no extrinsic proof of authenticity.

Many of the documents contain hearsay (Fed. R. Evid. 801). The text messages attached are not between Site Jab and a third party; they are between numerous unidentified third parties. The website screenshots [DOC 14-1, pp.31-36] are without context or source material.

Some documents (*e.g.*, DOC 14-1, pp.50-53, 68-69) are so heavily redacted that they contain no information at all.

Site Jab has done nothing to show how these documents are relevant to the Court's coverage determination or what facts are to be gleaned from these documents that support its coverage arguments. The documents do not have context. If the documents are not relevant or reliable, they are not admissible. Fed. R. Evid. 401.

2. **Exhibit B**

Plaintiff has attached an email from Barry Rix to Eva Garcia dated February 15, 2023. This email is inadmissible because it has not been authenticated (Fed. R. Evid. 901) and contains hearsay (Fed. R. Evid. 801).

3. **Exhibit C**

Plaintiff has attached a demand letter from legal counsel. [DOC 14-3, p.2-3]. This letter is inadmissible because it has not been authenticated (Fed. R. Evid. 901) and it is hearsay (Fed. R. Evid. 801). It contains argument and legal conclusions that are not admissible.

4. **Exhibit D**

Plaintiff has attached its state-court petition relating to this matter and various (but incomplete) removal filings [DOC 14-4, pp.2-23]. Pleadings are not summary-judgment

evidence, in determining whether summary judgment should be granted. FRCP 56(c); *Bayou West Condo. Homeowners Ass'n Inc. v. Royal Surplus Lines Ins. Co.*, 415 F.Supp.2d 684, 686 (S.D. Tex. [Houston] 2006).

Because they are not admissible, Hiscox asks the Court to strike these exhibits from the summary-judgment record. Hiscox further prays for such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
CANDACE A. OURSO
Texas Bar No. 24008952
S.D. Tex. ID No. 23217
candace.ourso@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007
T:  832.753.8062
F:  832.753.8079
**ATTORNEY-IN-CHARGE
FOR DEFENDANT HISCOX
INSURANCE COMPANY INC.**

OF COUNSEL:

**KENNEDYS CMK, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2024, a true and correct copy of the foregoing has been served on all known counsel of record, in accordance with the Federal Rules of Civil Procedure.

_____
CANDACE OURSO