IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SITE JAB | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | C.A. NO. 4:23-CV-3853 |
| | § | |
| HISCOX INSURANCE COMPANY, INC., | § | |
| *Defendant*. | § | |

**HISCOX INSURANCE COMPANY INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant HISCOX INSURANCE COMPANY INC. ("Hiscox") files this Reply in support of its Motion for Summary Judgment to clarify a few points. Plaintiff SITE JAB did not offer any argument or admissible evidence in support of its coverage position relating to its claim for lost business income and appears to have abandoned that claim. The Court should grant Hiscox's summary judgment and dismiss all of Site Jab's claims on that basis.

Site Jab has not specifically pleaded for a "larger payout" under the Policy's Employee Dishonesty Coverage Extension (Endorsement 1), and its new argument is not properly before the Court. To the extent Site Jab's coverage-extension arguments do not amount to a new claim, they are attempts to invoke the Policy extension in response to summary judgment. Site Jab now claims that Hiscox owes coverage for the "theft of confidential client information, theft of website files, conspiracy, collusion, theft of Plaintiff's clients and violations of a non-compete." [DOC 14, p.8] The Policy doesn't provide coverage under this extension because it requires "direct physical damage to or

loss of 'covered property'."

Hiscox has filed objections to Site Jab's evidence in support of its response and a Motion to Strike those exhibits from the record. [DOC 15]

### A. The Employee Dishonesty Coverage extension (Endorsement 1) does not provide coverage to Site Jab.

The Employee Dishonesty Coverage extension does not apply for 3 reasons, each of which is a separate and independent reason to conclude that there is no coverage under the Policy's extension.

1. Coverage is not implicated. Site Jab cannot demonstrate direct physical damage to or loss of "covered property" – defined as "buildings" and "business personal property."

2. Even if coverage is implicated, it is excluded. The only proof of employee dishonesty – if any evidence is admitted -- is a profit and loss computation.

3. Even if coverage is not excluded, Site Jab's alleged loss (caused by one or more persons or involving a series of acts) will be considered a single occurrence. Site Jab has admitted that it received $5,000 from Hiscox, which is the coverage limit under the Employee Dishonesty Coverage extension.

Site Jab failed to provide the Court with all of the applicable Policy provisions relating to employee dishonesty coverage, which include the coverage grant, an exclusion and a condition. The relevant coverage reads as follows.

> **Employee Dishonesty**
>
> I.     The following is added to Section III. Coverage extensions:
>
> Employee Dishonesty          EM-A
>
> direct physical damage to or loss of **covered property**, **money**, and/or **securities** resulting directly from **theft**, **forgery** or other dishonest acts committed by any of **your employees**, whether

identified or not, or in collusion with other persons or entities, with the manifest intent to:

a. cause **you** to sustain damage or loss; and
b. obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment) for any employee or any other person or entity.

\*\*\*\*

III. Solely with respect to the coverage provided by this Endorsement, the following exclusions are added to the end of Section VII. Exclusions – What is not covered:

Solely with respect to coverage provided under Coverage extension EM-A. Employee dishonesty, **we** will not pay for damage or loss:

ED-1. resulting from any dishonest or criminal act that **you** or any of **your** partners or **members** committed, whether acting alone or in collusion with other persons.

ED-2. the only proof of which as to its existence or amount is an inventory computation or a profit and loss computation.

ED-3. caused by an **employee** if the **employee** had also committed **theft**, **forgery**, or any other dishonest act prior to the effective date of this policy and **you** or any of **your** partners, **members**, **managers**, officers, directors, or trustees, not in collusion with the **employee**, learned of that **theft**, **forgery**, or dishonest act prior to the **policy period**.

**\*\*\*\***

VI. For purposes of the coverage provided by this Endorsement only, the following is added to the end of Section IX. Other provisions affecting coverage:

Employee dishonesty conditions

    A. All loss or damage caused by one or more persons or involving a single act or series of acts will be

3

>considered a single occurrence and will be subject to the limit stated in the Schedule above.

DOC 13-1, pp.53-55.

**1. Site Jab has demonstrated no "direct physical damage to or loss of 'covered property'."**

A plain-language reading of the Policy reveals that to recover under the Employee Dishonesty Coverage extension, Site Jab must demonstrate direct physical damage to or loss of "covered property" – defined as "buildings" and "business personal property."

Business Personal Property is "property **you** own that is used in **your** business activities." "Covered property" does not include "electronic data", which is defined as follows:

>information, facts, or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices, or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, as used in this definition, means a set of related electronic instructions which direct the operations and functions of a computer or device connects to it, which enable the computer or device to receive, process, store, retrieve, or send data.

DOC 13-1, p.83.

Site Jab has not pleaded or offered evidence of physical loss of business personal property. Instead, Site Jab alleges "theft of confidential client information and theft of website files" as the dishonest acts committed by its employees. [DOC 14, p.8][1] This description of things amounts to loss of information, falls within the definition of "electronic

---

[1] Site Jab also claims theft of Plaintiff's clients, conspiracy, collusion and violation of a non-compete. [DOC 14, p.8] These allegations do not implicate any coverage under the Policy.

4

data" and is excluded from coverage. Even so, Site Jab has not otherwise demonstrated that covered property was lost by a covered cause of loss, which the Policy defines as "damage or physical loss."

Hiscox has objected to Site Jab's evidence as inadmissible [DOC 15], but notes that even if the Court considered the evidence, it does prove employee dishonesty or direct physical damage to or loss of "covered property." Because Site Jab has neither pleaded nor proven that its alleged loss is covered, it cannot recover under the Policy's Employee Dishonesty Coverage extension.

### 2. Even if Site Jab could implicate employee-dishonesty coverage – not the case here – it is excluded.

Even if Site Jab could show physical damage to "covered property", which it cannot, Hiscox will not pay for damage or loss which is only proven through a profit and loss computation. Hiscox has made a separate argument that Site Jab's evidence regarding allegations of employee dishonesty in other lawsuits is inadmissible. [DOC 15] Nonetheless, Site Jab has not offered any admissible evidence that would show damage to property beyond vague references to computation of its lost income.

### 3. Even if Site Jab implicates coverage that is not excluded – not the case here – damage caused by "one or more persons" involving a "series of acts" constitutes a single occurrence.

Site Jab asks Hiscox and the Court to view the series of employee dishonesty acts as multiple occurrences, but neither the Policy nor prevailing law allow such a determination. The Policy reads that all loss or damage (1) caused by one or more persons or (2) involving a series of acts are a single occurrence and subject to the $5,000 limit. [DOC 13-1, p.55] Throughout its response, Site Jab concedes that its damage resulted from a "series of acts."

[*See, e.g.*, DOC 14, p.8.]

The Court can rely on the plain language of the Policy's Condition. Texas courts have held that substantively similar clauses are unambiguous and should be construed to mean that a series of acts amounting to employee theft are considered a single occurrence. *Bethany Christian Church v. Preferred Risk Mut. Ins. Co.*, 942 F.Supp. 300 (S.D. Tex. 1996) citing to *Potomac Ins. Co. of Illinois v. Lone Star Web, Inc.*, Civ. No. 3:93-CV-2122-H; 1994 WL 494784 (N.D. Tex. July 21, 1994).

Site Jab acknowledges the Policy's $5,000 limit per occurrence under the Employee Dishonesty Coverage extension. [DOC 14, p.6 and DOC 13-1, p.20] And Site Jab concedes that Hiscox has paid $5,000 to Site Jab. [DOC 14, p.9] Even if there was coverage under the Employee Dishonesty Coverage extension, which there is not, the Policy limit for that coverage has been paid to Site Jab and settled, and Hiscox's duty under the Policy – if any existed – was extinguished by payment/settlement.

**B.    Site Jab's request to amend its pleadings should be denied.**

Trial is scheduled for January 2025, and a request for pleading amendment at this late date prejudices Hiscox. But more importantly, Site Jab's pleaded facts in the light of Employee Dishonesty Coverage extension does not create coverage under the Policy. Site Jab has alleged that several employees took information from it hoping to take clients from Site Jab, and as a result, it lost income. These facts, even if repleaded and proven true, do not create coverage under the Policy for lost business income or employee dishonesty.

## CONCLUSION

Site Jab has not created a genuine issue of material fact in response to Hiscox's

Motion for Summary Judgment. Site Jab has not and cannot establish that Hiscox had a duty to pay under the Policy or otherwise breached its contractual obligations to Site Jab. Site Jab is not entitled to lost business income coverage (see original Motion for Summary Judgment) or any payment under the Employee Dishonesty Coverage extension. As a result, Site Jab cannot recover on its breach-of-contract claims or any of its resulting bad-faith-in-claim-handling allegations (Tex. Ins. Code §541 and §542; Texas DTPA, and common law bad faith). Because the Policy affords no coverage for Site Jab's loss, Site Jab's lawsuit should be dismissed in its entirety, as a matter of law, with prejudice to refiling.

Defendant HISCOX INSURANCE COMPANY INC. respectfully asks the Court to grant its motion for summary judgment. Hiscox asks the Court to order that Plaintiff take nothing, that Plaintiff's claims be dismissed with prejudice, and judgment be rendered for Hiscox. Hiscox further prays for such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
CANDACE A. OURSO
Texas Bar No. 24008952
S.D. Tex. ID No. 23217
candace.ourso@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007
T:  832.753.8062
F:  832.753.8079
**ATTORNEY-IN-CHARGE FOR**
**HISCOX INSURANCE COMPANY INC.**

OF COUNSEL:

**KENNEDYS CMK, LLP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2024, a true and correct copy of the foregoing has been served on all known counsel of record, in accordance with the Federal Rules of Civil Procedure.

_____
CANDACE OURSO