

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SITE JAB** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:23-CV-3853** |
| | § | |
| **HISCOX INSURANCE COMPANY INC.** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF SITE JAB'S RESPONSE TO HISCOX INSURANCE COMPANY INC.S' OBJECTIONS TO AND MOTION TO STRIKE SITE JAB'S EVIDENCE

Plaintiff SITE JAB ("Plaintiff") files this response to Defendant HISCOX INSURANCE COMPANY INC.'s ("Defendant") objections to the evidence Plaintiff submitted in its response to Hiscox's Motion for Summary Judgment. Plaintiff responds to Defendant's specific objections to Site Jab's evidence and asks the Court to deny Defendant's motion strike this evidence from the summary-judgment record.

## I. Exhibit A

1.      Plaintiff served Defendant with a 73-page Business Records Affidavit signed by Eva Garcia.[1] According to the Federal Rules of Evidence, business records are self-authenticating and are, "A record of an act, event, condition, opinion, or diagnosis if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule

---

[1] *See* Doc 14-1.

902(11) or (12) or with a statute permitting certification; and
**(E)** the opponent does not show that source of information or the method
or circumstances of preparation indicate a lack of trustworthiness."[2]

2.      Eva Garcia's ("Garcia") Business Records Affidavit complies with 803(6)(A)-(D) as she attested to, by testimony, having personal knowledge of the facts stated in the business record, that she is a custodian of records for SiteJab, that the records were made at or near the time by herself, that making the record was a regular practice.[3] Plaintiff has attached its' mostly unredacted Business Records as Exhibit A.

3.      Defendant argues that Plaintiff did not comply with FRE 902(11) because it did not notice Defendant of the business records that were to be served and did not give Defendant an opportunity to challenge the records.[4] However, the rule clearly states, "all these conditions are shown by the testimony of the custodian...**OR** by a certification that complies with Rule 902(11)...."[5] Because Rule 902(11) only applies in situations where 803(6)(A)-(C) are shown by certification, Plaintiff did not need to serve Defendant with a notice that a business records affidavit was going to be offered.

4.      Defendant next argues that the Petition and Temporary Restraining Order provided in Plaintiff's Business Records is not self-authenticating, but these documents do not need to be self-authenticating because Garcia attested to the fact that these documents were kept in the regular course of business that she has knowledge of the acts, events, happenings and findings of these documents in her affidavit. Because of Ms. Garica's sworn statements in her affidavit, the documents should not be stricken.

5.      Defendant also argues that the documents contained in the business records are

---

[2] Fed. R. Evid. 803(6)(A)-(E).
[3] *See* Doc 14-1. p. 1.
[4] *See* Doc 15 p.1 pp. 3.
[5] Fed. R. Evid. 803(6)(D) (emphasis added).

hearsay.[6] The Federal Rules of Evidence state, though, that records of regularly conducted activity are not excluded by the hearsay rule.[7] <u>It should also be noted that Defendant did not refer to specific documents containing hearsay in this argument, but instead made a vague, blanket statement. Because Plaintiff's business records contain 73 pages, plaintiff does not know what Defendant's particular arguments are.</u>[8]

6.    Next, Defendant states that the text messages contained in Plaintiff's business records are not between SiteJab and a third party but between unidentified parties. <u>This argument is not accompanied by any further explanation and is too vague to hold any weight</u>. In simple response to Defendant's unclear argument, Ms. Garica stated in an email to Defendant that 6 employees conspired to take down SiteJab while working for SiteJab.[9] Plaintiff also provided a list of these employees names.[10] Ms. Garcia states in another email, "here are some messages between the then current employees…" and, "also one of the employees we are suing may cooperate on our behalf because it was on her laptop which of all the messages were discovered…"[11] Defendant confirmed receipt of the texts by stating in response to Ms. Garcia's emails, "I reviewed the text messages you sent over."[12] These emails show that the text messages included in the business records were between SiteJab representatives, that the texts were pulled from a SiteJab computer and that the texts, which show the names of the senders, were attachments to the emails Ms. Garcia sent to Defendant. Further, Ms. Garcia has confirmed in an affidavit that

---

[6] *See* Doc. 15 p.2 pp. 1.
[7] Fed. R. Evid. 803(6).
[8] *See United Staes v. Polasek,* 162 F.3d 878 (5th Cir.1998) and *United States v. Gomez-Norena,* 908 F.2d 497 (9th Cir. 1990) which both state that objections must be specific to alert the court to the exact nature of the alleged error.
[9] Doc. 14-1, p. 4.
[10] *Id.* at 70.
[11] *Id.* at 71.
[12] *Id.* at 72. It should also be noted that Defendant provided these very text messages to Plaintiff in discovery further proving that it had received these messages from Plaintiff before litigation even began. *See* Exhibit A, Hiscox 001677-84.

the text messages produced with the business records were found on a SiteJab work computer, were between people who were, at the time, current employees of SiteJab, and that SiteJab regularly pulls information from the laptops and saves that information in their files.[13]

7.      Defendant also randomly states, "the website screenshots [DOC 14-1, pp.31-36] are without context or source material." Plaintiff, though, provided Defendant with notes containing the dishonest employees' names: Jay Moreno, Sergio Perez, Nathan Aguilar, Amethyst Perez, Samantha Mayer, and Melissa Fuentes.[14] This list also names Plaintiff's stolen clients including The Window Source of West Texas, a dental office, and The Window Source of Houston, as well as the dates the clients were stolen. The screenshots on pages 31-36 show the dishonest employees' corrupt website interactions with the stolen clients after the stolen clients ceased doing business with SiteJab.

8.      Defendant finally states "these documents" are not relevant to the Court's coverage determination.[15] Again, Defendant failed to argue specifically what documents are not relevant and how.[16] In simple response to Defendant's vague argument, Plaintiff's business records are relevant because Plaintiff specifically argues employee dishonesty in its Response to Defendant Hiscox Insurance Company Inc.'s Motion for Summary Judgment[17] and all documents contained in Plaintiff's business records show that Site Jab's former employees wrongfully accessed and took confidential information from Plaintiff's computer, colluded with other employees, and stole Plaintiff's clients which resulted in damage to Plaintiff.

9.      Because Plaintiff's business records are accompanied by a sound affidavit, properly

---

[13] *See* **Exhibit 1.**
[14] *Id.* at 70.
[15] *See* Doc. 15, p. 2.
[16]  *See United Staes v. Polasek,* 162 F.3d 878 (5th Cir.1998) and *United States v. Gomez-Norena,* 908 F.2d 497 (9th Cir. 1990) which both state that objections must be specific to alert the court to the exact nature of the alleged error.
[17] *See* Doc. 14.

served, and relevant, Plaintiff's Exhibit A Business Records should not be stricken.

## II. <u>Exhibit B</u>

10.    Plaintiff's email from Barry Rix to Eva Garcia dated February 15, 2023 is admissible because it can be easily authenticated and is an statements made by a party opponent.[18]

11.    According to Rule 901, a document can by authenticated through "Distinctive Characteristics and the Like: the appearance, contents, substance, internal patters, or other distinctive characteristics of the item, taken together with all the circumstances."[19] The Court in *United States v. Safavian* considered the emails address with the "@" symbol, a signature block, the sender's name, headings, etc. to determine that evidence was what the proponent asserted it to be.[20] In Plaintiff's Exhibit B, Barry Rix's (Defendant's representative) email address, his signature block with Defendant's particular Hiscox symbol, and this matter's applicable claim number are all present in the email itself.[21] The subject matter of the email also all pertains to the insurance claim made basis of this lawsuit. Additionally, this email was sent to Plaintiff's representative Ms. Garcia's email address that has been seen throughout the authenticated business records in Doc. 14-1.[22] *United States v. Coohey* states that, "the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be,"[23] and here, there is more than enough evidence that the email is what Plaintiff has asserted it is.

12.    As stated before, the contents of Exhibit B are excluded from hearsay because they are all statements made by a party opponent.[24] Here, Barry Rix was acting as a representative for Defendant and thus, his words are considered statements that are excluded from hearsay.

---

[18] Fed. R. Evid. 801(d)(2).
[19] *Id.* at 901(4).
[20] United States v. Safavian, 435 F. Supp. 2d 36, 40 (D.D.C. 2006.
[21] *See* Doc. 14-2.
[22] *See* Doc. 14-1.
[23] *United States v. Coohey,* 11 F.3d 97, 99 (8th Cir.1993).
[24] Fed. R. Evid. 801(d)(2).

13. Because Exhibit B shows that the email is what Plaintiff has asserted it is, and because the contents are excluded from hearsay, Exhibit B should not be stricken.

## III. Exhibit C

11.    Plaintiff's Demand Letter can be authenticated because it was produced in Defendant's discovery production and because it is not hearsay. Defendant's production of Plaintiff's Demand letter can constitute a statement of a party-opponent and are resultingly admissible evidence of authenticity.[25] Defendant produced Plaintiff's Demand Letter as HISCOX 000385-87.[26] Also, Plaintiff's Demand Letter is not hearsay because it is not being used to prove Plaintiff's right to coverage, but rather to simply show the Demand Letter was sent to Defendant.

## IV. Exhibit D

12.    Lastly, Defendant argues that Plaintiff's Exhibit D should not be used as evidence in determining whether summary judgment should be granted.[27] Plaintiff has not used its' Exhibit D as evidence that coverage is owed by Defendant. Plaintiff simply referred to Exhibit D to show that its petition and other suit documents were filed.[28]

## CONCLUSION AND PRAYER

Because all Plaintiff's Exhibits have been authenticated, are relevant, and are excluded from hearsay, all Plaintiff's Exhibits should not be stricken.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court deny Defendant's motion in its entirety, or in the alternative grant Plaintiff leave to amend their lawsuit if necessary, and grant Plaintiff all other relief to which it is justly entitled in law or equity.

---

[25] See Fed. R. Evid. 801(d)(2); see also, e.g., *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.*, 88 F. Supp. 3d 602, 607 (E.D. La. 2015).
[26] *See* **Exhibit 2**.
[27] *See* Doc. 15, pp.2-3.
[28] *See* Doc. 14, p.5.

Respectfully submitted,

**WHYTE PLLC**
2101 NW Military HWY
San Antonio, Texas 78213
Telephone: (210) 562-2888
Facsimile:(210)562-2873
Email: mwhyte@whytepllc.com

By: _____

**Marc K. Whyte**
mwhyte@whytepllc.com
State Bar No. 24056526
AND
Perry J. Dominguez II
perry@pdattorney.com
State Bar No. 24055414
AND
Naomi Lara
naomi@pdattorney.com
State Bar No. 24096944

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon opposing counsel of record as shown below on the 25th day of November 2024:

***VIA: CM/ECF***
Candance A. Ourso
Kennedys CMK, LLP
Candace.ourso@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007

ATTORNEY FOR DEFENDANT

*/s/ Marc Whyte*
MARC WHYTE