United States District Court
Southern District of Texas
**ENTERED**
December 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SITE JAB, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-cv-3853 |
| | § | |
| HISCOX INSURANCE COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is a dispute over insurance coverage for a theft of information, including confidential client information, by feckless employees. The plaintiff, SiteJab, had a businessowner's insurance policy issued by the defendant, Hiscox Insurance Company, with employee dishonesty coverage for a $5,000 per occurrence payout. The issue is whether the policy covers the type of loss. When Hiscox refused coverage, SiteJab sued Hiscox for breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and for breach of the duty of good faith and fair dealing. (Docket Entry No. 1-2). Hiscox has moved for summary judgment on the basis that its policy did not cover the losses that SiteJab alleged. (Docket Entry No. 13). Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for summary judgment. The reasons for this ruling are set out below.

**I.     Background**

Site Jab is a website and marketing company in Houston. (Docket Entry No. 1-2 at 3). SiteJab alleges that some of its past and present employees colluded to collect its confidential client information, and then used the information to steal many of SiteJab's clients. (Docket Entry No.

14 at 3). SiteJab claims that it lost nearly $1 million in revenue because of the theft of its data. (*Id*. at 4).

SiteJab obtained a Business Owner's Insurance Policy ("the Policy") from Hiscox with effective dates from February 5, 2022, to February 5, 2023. (*Id*. at 3). The Policy provided Business Personal Property Coverage for the building and personal property located at a specific address in Houston, Texas. (Docket Entry Nos. 13 at 3, 13-1 at 14). The coverage for buildings was for "direct physical damage to or direct physical loss of a building caused by or resulting from any covered cause of loss" during the policy period. (Docket Entry No. 13-1 at 81). The coverage for "Business personal property" was for "direct physical damage to or direct physical loss of business personal property, caused by or resulting from any covered cause of loss" commencing during the policy period. (*Id*.).

The Policy defined "Building" as a building or structure identified in the policy and includes completed additions, fixtures, and permanently installed machinery and equipment in or on such buildings or structures, certain personal property, furniture, floor coverings, and appliances. (Docket Entry No. 13-1 at 9). The definition of "building" in the policy "does not include any business personal property." (*Id*.). Under the Policy terms, certain property in a building may be "business personal property" if it is "property you own that is used in your business activities"; or "property of others that is in your care, custody, or control," with some exceptions. (*Id*.).

## II.     The Legal Standard

Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th

Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City*

*of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

### III. Analysis

The parties agree that Texas law governs. Insurance policies are read based on "common principles governing the construction of contracts, and the interpretation of an insurance policy is a question of law for a court to determine." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010). "Unless the policy dictates otherwise, courts give words and phrases their ordinary and generally accepted meaning, reading them in context and in light of the rules of grammar and common usage." *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017).

Courts "enforce unambiguous policies as written." *Pan Am Equities, Inc. v. Lexington Ins. Co.,* 959 F.3d 671, 674 (5th Cir. 2020). "If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and courts construe it as a matter of law." *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003); *see also Pan Am*, 959 F.3d at 674 ("If an insurance contract, just like any other contract, uses unambiguous language, that's that."). "The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy." *John M. O'Quinn, P.C. v. Lexington Ins. Co*., 906 F.3d 363, 367 (5th Cir. 2018).

Hiscox's first argument is that the theft of client information or similar intellectual property does not meet the coverage requirement of "direct physical damage to or direct physical loss of business personal property, caused by or resulting from any covered cause of loss first commencing during the policy period." (Docket Entry No. 13 at 8-9). This argument is similar to

4

arguments raised when the coronavirus pandemic caused businesses to close and those businesses sought interruption policy benefits. Insurers denied coverage because the coronavirus did not directly physically damage the covered property. Courts reviewing these policies ruled in favor of the insurers, holding that the coronavirus did not cause physical damage sufficient to invoke coverage. *See, e.g.*, *DZ Jewelry, LLC v. Certain Underwriters at Lloyds London*, 525 F. Supp. 3d 793 (S.D. Tex. 2021); *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, No. 4:21-CV-00011, 2023 WL 2588548 (E.D. Tex. Mar. 21, 2023).

SiteJab also points to the Policy's additional coverage for Business Income, which covers income loss from an inability to continue business activities "due to damage to or loss of covered property caused by or resulting from any covered cause of loss." (Docket Entry No. 13-1 at 81). "Covered cause of loss" is defined as "damage or physical loss that is not otherwise excluded or limited." (*Id*. at 100). "Covered Property" is limited to buildings and business personal property; notably, it excludes electronic data, with certain exceptions irrelevant to this case. (*Id*.).

Site Jab cannot show coverage because it cannot show direct physical damage or loss to covered property, as defined by the policy. Under Texas law, the requirement that the loss be "physical" . . . [i]s widely held to exclude alleged losses that are intangible or incorporeal, even when the result to the insured is an economic loss but one unaccompanied by a distinct, demonstrable, alteration of the property." *Fines v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004). Site Jab pleaded theft of intellectual property — copies of its website, information from its server, and customer data — by Site Jab employees. Site Jab lost intellectual property. It did not sustain direct physical damage to its covered property. Under the policy terms and Texas law, Site Jab cannot recover from Hiscox for the business losses resulting from the theft of its confidential client information.

The Employee Dishonesty Coverage extension provides no better support for Site Jab's argument. To recover under that extension, Site Jab must demonstrate direct physical damage to, or loss of covered property, defined as buildings and business personal property. The applicable portion of the Policy addressing Employee Dishonesty Coverage provides as follows:

> direct physical damage to or loss of covered property, money, and/or securities resulting directly from theft, forgery, or other dishonest acts committed by any of your employees, whether identified or not, or in collusion with other persons or entities, with the manifest intent to:
> a. cause you to sustain damage or loss; and
> b. obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions, or other employee benefits earned in the normal course of employment) for any employee or any other person or entity.
>
> The coverage provided under this subsection EM-A will terminate as to any employee, once any of your partners, members, managers, officers, or directors not acting in collusion with the employee learns that the employee committed a theft, forgery, or other dishonest acts before or after being hired by you.
>
> We will pay only for covered damage or loss sustained during the policy period and discovered no later than one year from the end of the policy period.

(Docket Entry No. 13-1 at 53). As discussed above, business personal property does not include electronic data. Nor does SiteJab allege a loss to money or securities. SiteJab's allegations of theft of confidential client information and of website files are excluded from coverage because they are not a loss of covered property caused by a covered cause of loss, which requires damage or physical loss. SiteJab cannot find recourse in the Policy terms addressing Employee Dishonesty Coverage.

## IV.    The Motion to Strike

Hiscox moves to strike certain exhibits that SiteJab attached to its response to the summary judgment motion. (Docket Entry No. 15). Hiscox asserts that SiteJab's Exhibits A-D are inadmissible in part or in whole and should not be in the summary judgment record. (*Id*.). Because

6

the court grants Hiscox's summary judgment motion and dismisses SiteJab's claims with prejudice, the court need not reach the motion to strike. The motion to strike is denied as moot.

**V.    Conclusion**

Hiscox's motion for summary judgment is granted. (Docket Entry No. 13). Hiscox's motion to strike is denied as moot. (Docket Entry No. 15). The court will separately enter an order of final judgment.

SIGNED on December 31, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge